# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **SHAVONNA BOYKIN,** ) | CASE NO. |
| ) | |
| Plaintiff, ) | JUDGE |
| ) | |
| v. ) | **PLAINTIFF'S COMPLAINT** |
| ) | |
| **RISOR HOME SERVICES LLC** ) | *(Jury Demand Endorse Herein)* |
| c/o Statutory Agent Natwiya Triplett ) | |
| 4238 Foxchapel Rd. ) | |
| Toledo, Ohio 43607 ) | |
| ) | |
| *and* ) | |
| ) | |
| **NATWIYA TRIPLETT** ) | |
| 4238 Foxchapel Rd. ) | |
| Toledo, Ohio 43607 ) | |
| ) | |
| Defendants. ) | |

Plaintiff Shavonna Boykin, for her Complaint against Risor Home Services LLC, and Natwiya Triplett (hereinafter also collectively referred to as "Defendants"), states and alleges the following:

## INTRODUCTION

1. The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendants to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Ohio statutory law further

required the payment of overtime compensation and/or contained other compensation requirements and/or penalties. *See* O.R.C. §§ 4111.03(A), 4113.15.

2. Plaintiff brings this case to challenge the practices and policies of Defendants that willfully and intentionally violate the FLSA, 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio, O.R.C. §§ 4111.03(A), 4113.15 ("Ohio Law").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio Law because those claims are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and/or because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

6. Plaintiff Shavonna Boykin is an individual, a citizen of the United States, and a resident of the State of Ohio.

7. Defendant Risor Home Services LLC is an Ohio limited liability company. According to records maintained by the Ohio Secretary of State, Defendant Risor Home Services LLC's Statutory Agent for service of process is Defendant Natwiya Triplett, 4238 Foxchapel Rd., Toledo, Ohio 43607.[1]

8. Defendant Natwiya Triplett is an individual and, upon information and believe, is a member and an owner of, and/or has an ownership interest in, Risor Home Services LLC.

---

[1] *See* https://businesssearch.ohiosos.gov?=businessDetails/1918900 (accessed Jan. 12, 2023).

**FACTUAL ALLEGATIONS**

**Defendants' Business and Defendants' Statuses as an Employer of Plaintiff**

13. Defendant Risor Home Services LLC is a home health agency providing in-home health aides and/or employees with similar job titles and/or duties, including Plaintiff Shavonna Boykin.

14. Defendants are an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d) and Ohio Law, O.R.C. §§ 4111.03(D)(3) and 4113.15.

15. Defendant Natwiya Triplett is an employer pursuant to 29 U.S.C. § 203(d) in that she is a "person [who] act[ed] directly or indirectly in the interest of an employer," Risor Home Services LLC, "in relation to employees," including Plaintiff. Defendant Natwiya Triplett is also an employer pursuant to O.R.C. Chapter 4111 and O.R.C. § 4113.15, and had operational control over significant aspects of Risor Home Services LLC's day-to-day functions, including the compensation of employees.

16. Defendants utilize non-exempt employees, including Plaintiff, in furtherance of their business purposes.

17. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

18. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

19. Upon information and belief, Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

20. At all times relevant, Defendants were each an employer of Plaintiff as each Defendant exercised the power to hire or fire employees; supervised and controlled the

3

employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or were required to maintain records, including employment records.

### Plaintiff's Employment Status with Defendants

21. Plaintiff Shavonna Boykin has been employed by Defendants since approximately April 2018 to January 2023 as an hourly home health aide. Throughout her employment, Defendants classified and paid Plaintiff as a non-exempt employee.

22. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and Ohio Law.

23. At all times relevant, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

24. Part of Plaintiff's job duties included regularly handling multiple goods and products that have been produced or moved in interstate commerce. For example, Plaintiff's job duties included regularly handling medications and other materials that were produced or moved in interstate commerce. In addition, Plaintiff uses the internet and email, on her a cell phone, well-established instrumentalities of interstate commerce, in her job to complete her job duties on a daily or hourly basis.

### Defendants' Unlawful Failure to Pay Overtime Compensation

25. The FLSA and Ohio Law required Defendants to pay overtime compensation to their non-exempt employees at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40), as well as provided other pay requirements as applicable. 29 U.S.C. § 207; O.R.C. §§ 4111.03(A), 4113.15.

26. Plaintiff regularly worked more than forty (40) hours in a single workweek.

4

27. Although Defendants suffered and permitted Plaintiff to work more than forty (40) hours per workweek, Defendants failed to pay Plaintiff overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff was willfully not properly paid overtime compensation for her overtime hours worked as required by the FLSA, 29 U.S.C. § 207, and Ohio Law, O.R.C. §§ 4111.03(A), 4113.15.

28. During a typical two-workweek pay period during the statutory period, Plaintiff worked at least 230 hours, and was paid for the first 80 hours at a straight time regular rate of $14.00 per hour. Instead of paying overtime hours at $21.00 per hour for the 150 overtime hours worked by Plaintiff, as required by the FLSA and Ohio Law, Defendant paid Plaintiff $9.00 per hour for all overtime hours worked during that two-workweek period in cash, not through Defendant's payroll system that it used to pay Plaintiff her 80 straight time hours worked. Defendant did not pay overtime compensation to Plaintiff at the rate of one and one-half times her regular rate for all the hours she worked in excess of forty (40) hours per workweek.

29. Defendants shortchanged Plaintiff and failed to pay overtime compensation through unlawful practices that do not pay all overtime hours worked at one and one-half times Plaintiff's regular hourly rate for hours more than forty (40) hours per workweek.

30. Defendants consistently failed to pay Plaintiff for all hours, including overtime hours, worked, at the statutory overtime rate required. 29 U.S.C. § 207; O.R.C. § 4111.03(A); *see* O.R.C. §§ 4113.15.

### The Willfulness of Defendants' Violations

31. Defendants knew that Plaintiff was entitled to overtime compensation under federal and state law or acted in reckless disregard for whether she was so entitled.

5

32. By denying Plaintiff overtime compensation as required by the FLSA and Ohio Law, Defendants' acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and Ohio Law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendants therefore knew about the overtime compensation requirements of the FLSA and Ohio Law, or acted in reckless disregard as to Defendants' obligations under these laws.

33. Moreover, Defendants' obligations under these laws were clearly known by Defendants. For example, O.R.C. § 4111.09 provides that "[e]very employer subject to sections 4111.01 to 4111.17 of the Revised Code, or to any rules issued thereunder, shall keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed." As approved by the director of commerce, this conspicuously-placed posting includes the language: "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours in excess of 40 hours in one work week..." Defendants therefore knew about the overtime requirements of the FLSA and Ohio Law, or acted in reckless disregard for whether Plaintiff was entitled to overtime compensation.

34. Defendants intentionally and willfully circumvented the requirements of the FLSA. By way of example, and in a clear attempt to underpay overtime hours, Defendants intentionally and willfully paid Plaintiff in cash for all hours over 80 hours in each biweekly pay

6

period at $9.00 per hour, significantly less than Plaintiff's overtime rate that ranged from $16.50 to $21.00 ($11.00 to $14.00 regular rate) during her employment, in each two-workweek pay period. The FLSA, Ohio Law, and regulations thereunder that have the force of law, do not allow an employer to avoid paying overtime compensation by paying in cash, "under the table," at a sub-overtime wage rate.

35. Plaintiff is therefore entitled to liquidated damages equal to the amount of all unpaid overtime compensation, pursuant to 29 U.S.C. § 260.

36. Defendants intentionally, knowingly, and willfully circumvented the requirements of the FLSA and Ohio Law.

37. The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. §§ 4111.03, 4113.15; and resulted in the unlawful deprivation of wages to the detriment of Plaintiff.

## COUNT ONE
### (FLSA Overtime Violations)

38. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39. Plaintiff brings this claim for violation of the FLSA's overtime provisions pursuant to 29 U.S.C. § 216(b).

40. The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

41. Plaintiff should have been paid overtime wages in the amount of 150% of her "regular rate" for all hours worked in excess of forty (40) hours per workweek.

42. Defendants did not pay overtime compensation to Plaintiff at the rate of one and one-half times her regular rate for all of her overtime hours suffered or permitted to work by Defendants.

43. Defendants knowingly, willfully, and/or in reckless disregard carried out an unlawful pattern and practice of failing to pay Plaintiff overtime compensation. Defendants' deliberate failure to pay overtime compensation to Plaintiff was neither reasonable, nor was the decision not to pay overtime made in good faith. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

44. As a result of Defendants' violations of the FLSA, Plaintiff was injured in that she did not receive wages due to her pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
**(Ohio Overtime Violations)**

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Plaintiff brings this claim for violation of Ohio Law, O.R.C. § 4111.03.

47. At all times relevant, Defendants were an entity covered by O.R.C. § 4111.03, and Plaintiff is an employee, and/or has been employed by, Defendants within the meaning of O.R.C. § 4111.03.

48. Defendants' failure to compensate overtime hours worked "at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one

8

workweek" violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

49. By their acts and omissions described in this Complaint, Defendants have violated O.R.C. § 4111.03, and Plaintiff has been injured as a result.

50. Defendants' violations of Ohio Law, O.R.C. § 4111.03(A) (providing that "an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the 'Fair Labor Standards Act of 1938'"), injured Plaintiff in that she did not receive wages due to her pursuant to Ohio Law and the FLSA.

51. As a result of Defendants' willful violations of the FLSA and of O.R.C. § 4111.03, Plaintiff has been damaged in that she has not received wages due to her pursuant to Ohio Law.

## COUNT THREE
### (Ohio Semimonthly Wage Payment Violations)

52. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53. Plaintiff brings this claim for violation of Ohio Law, O.R.C. § 4113.15.

54. O.R.C. § 4113.15(A) required Defendants to pay "on or before the first day of each month … employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month." Defendants' failure to timely pay Plaintiff all wages, including overtime wages, violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15(A).

55. Plaintiff's unpaid wages have remained unpaid for more than 30 days beyond her regularly scheduled payday in violation of O.R.C. § 4113.15(A). By their acts and omissions described in this Complaint, Defendants have violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15, and Plaintiff has been injured as a result.

56. Defendants' violations of Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15, injured Plaintiff in that she did not receive wages due to her in a timely fashion as required by Ohio Law.

57. Defendants knowingly, willfully, and/or in reckless disregard carried out an unlawful pattern and practice of failing to pay Plaintiff all wages owed in a timely fashion as required by Ohio Law. Defendants' deliberate failure to timely pay all compensation owed to Plaintiff was neither reasonable, nor was the decision not to pay in accordance with O.R.C. § 4113.15 made in good faith. By engaging in these practices, Defendants willfully violated federal and state law and regulations thereunder that have the force of law.

58. As a result of Defendants' violation of Ohio Law, Plaintiff is entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

A. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, pursuant to 29 U.S.C. § 216(b);

B. Award compensatory damages to Plaintiff in the amount of her unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

C. Award Plaintiff all damages allowed by Ohio Law, including but not limited to O.R.C. § 4113.15, which entitles Plaintiff to in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars, whichever is greater;

D.     Award Plaintiff prejudgment interest, post-judgment interest, litigation expenses and costs, attorneys' fees incurred in prosecuting this action, expert fees, as well as an award of damages representing Defendants' employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

E.     Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully Submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
50 Public Square, Suite 1900
Cleveland, Ohio 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiffs and*
*Putative Class Counsel*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)